~~IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS~~
~~STATE OF MISSOURI~~
<u>UNITED STATES DISTRICT COURT</u>
<u>EASTERN DISTRICT OF MISSOURI</u>
<u>EASTERN DIVISION</u>

TAMMY ROSS,                                    )
                                               )
                                               )
          Plaintiff,                           )          Cause No. <u>4:25-cv-00580-HEA</u>
                                               )
vs.                                            )          ~~Division No.~~
                                               )
ALFRED MONTGOMERY                              )
~~SHERIFF - CITY OF ST. LOUIS~~                )
                                               )
~~Serve at:        Civil Courts Building~~      )
~~                 10 North Tucker Blvd.~~       )
~~                 8th Floor~~                   )
~~                 St. Louis, MO 63101~~         )
                                               )
                                               )
          Defendant.                           )

<u>~~PETITION~~</u>

<u>~~COUNT I~~</u>

<u>~~FALSE ARREST/IMPRISONMENT~~</u>

<u>FIRST AMENDED COMPLAINT</u>

NOW COMES Plaintiff, Tammy Ross, and for ~~Count I of~~ her ~~cause of action~~<u>First Amended Complaint</u>, states ~~to the Court~~ as follows:

1.       At all times hereinafter mentioned, Plaintiff Tammy Ross was and is an individual acting in her official capacity as the Acting Commissioner of Corrections for the City of St. Louis.  Plaintiff seeks damages in this lawsuit in her individual capacity.

2.       At all times hereinafter mentioned, Defendant Alfred Montgomery was the elected Sheriff for the City of St. Louis and was acting both under color of law in his official

capacity and in his individual capacity as well. He is being sued in both his individual and official capacities in this case.

3_3._    Defendant Montgomery's actions and misconduct described below were effected as proprietary functions that were not governmental in that they were not authorized by the laws governing the duties of the Sheriff of the City of St. Louis but, on information and belief, intended by Defendant Montgomery to serve some ill-defined interest or interests of the municipal corporation his office he serves.

**COUNT I**
**FALSE ARREST/IMPRISONMENT**

4.    On Friday, the 14th day of February, 2025, Montgomery and several of his deputies arrived at the St. Louis City Justice Center and requested to interview a particular detainee under the custody and control of the City Department of Corrections regarding an allegation of sexual assault which the Detainee made against one of Montgomery's Deputy Sheriffs.

4_5._    Montgomery's visit on February 14, 2025, was the second one in which Montgomery requested that he be allowed to interview the Detainee.  Montgomery's first visit regarding the Detainee occurred on Thursday, February 13, 2025.

5_6._    On both occasions, Acting Commissioner Ross lawfully and properly informed Montgomery that she needed approval from the City of St. Louis Legal Department and its Public Safety Department before she could allow him to interview the Detainee regarding the sexual assault allegedly committed by one of his Deputy Sheriffs.

6_7._    On February 14, 2025, Montgomery nevertheless insisted on seeing the Detainee. When Acting Commissioner Ross lawfully and properly refused to allow him to see the

2

Detainee, he indicated that she was "in contempt" and, without legal justification, unlawfully instructed one of his Deputy Sheriffs to handcuff her.

78.    At that time, a Deputy Sheriff, at Montgomery's instance and request, handcuffed Acting Commissioner Ross' hands behind her back and ordered her to walk over to the Sheriff's Office on the 2nd Floor of the Carnahan Court House.  The arrest of DeputyActing Commissioner Ross was made without probable cause or legal justification and without a warrant; she was not engaged in criminal activity of a nature to warrant her seizure and detention without reasonable suspicion, the unlawful force used against her, or the acts of unreasonable force made under the color of law against her.

89.    While Acting Commissioner Ross was detained and handcuffed, Montgomery made several threatening statements to her.

910.    While at the Sheriff's Office and in the presence of Commissioner Ross, Montgomery called the Director of the Department of Public Safety, Charles Coyle ("Director Coyle"). Director Coyle and Montgomery discussed whether or not Montgomery had the legal authority to arrest, handcuff and detain the Acting Commissioner of Corrections.  Montgomery indicated that he had that authority. When Director Coyle asked Montgomery to put it in writing, Montgomery responded that it was not his job to do so.

1011.    Montgomery made several threats to Acting Commissioner Ross and indicated that he was going to detain her for forty-eight (48) hours. Montgomery insisted that he had the legal and constitutional ability to do so.

~~11~~12.   After some period of detention, Montgomery's attorney Blake whispered into Montgomery's ear something, and shortly thereafter Acting Commissioner Ross was told that she would be released and that she could go back to work.

~~12~~13.   The conduct of Defendant Sheriff Montgomery both in his individual and official capacity have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

14.     Upon information and belief, Defendant purchased liability insurance and/or duly adopted a self-insurance plan providing coverage for the acts described herein and for Plaintiff's claims described herein.

WHEREFORE, Plaintiff Ross prays for judgment against Defendant, Alfred Montgomery both in his official capacity and individually for a sum in excess of Twenty Five Thousand Dollars ($25,000.00) as and for actual damages; together with costs and interest expended herein; and for other and further relief as to this Court may deem just, meet and proper.

## COUNT II
## BATTERY

~~NOW COMES Plaintiff and for Count II of her cause of action states as follows:~~

~~13~~15.   Plaintiff restates and realleges as if set forth verbatim paragraphs 1 through ~~12~~14 above.

~~14~~16.   On February 14, 2025, Defendant Montgomery unlawfully and intentionally placed his hands on the shoulder of Plaintiff in order to block her freedom of movement.

~~15~~17.   Thereafter, at the instance and request of Defendant Montgomery, the Deputy Sheriffs unlawfully and intentionally assaulted and battered the Plaintiff by grabbing her arms behind her back and handcuffing her.

4

1618.  That as a direct and proximate result of the assault and battery, Plaintiff has suffered serious and permanent injuries and was prevented from attending to her necessary business and affairs.

19.  Upon information and belief, Defendant purchased liability insurance and/or duly adopted a self-insurance plan providing coverage for the acts described herein and for Plaintiff's claims described herein.

WHEREFORE, Plaintiff prays judgement against Defendant Montgomery for compensatory damages in such sum that is fair and reasonable, for costs and for other appropriate relief this Court deems just, meet and proper.

## COUNT III
## VIOLATION OF CIVIL RIGHTS

NOW COMES Plaintiff and for Count III of her cause of action states as follows:

1720.  Plaintiff restates and realleges as if set forth verbatim paragraphs 1 through 12 od Count I and paragraph 14 through 16 of Count II.19 above.

1821.  This action arises under the United States Constitution, particularly under the provision of the Fourth, Sixth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code Section 1983 and 1988.

1922.  The acts of Defendant Montgomery alleged herein were done by Montgomery and his Deputy Sheriffs under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of Missouri, the City of St. Louis and under the authority of his office as Sheriff for the City of St. Louis.

5

2023.   As Sheriff, Defendant Montgomery was the ultimate and exclusive policymaker responsible for the discharge of the duties imposed on him and the office he controls and the "final policymaking authority," with ultimate responsibility for his conduct in office and that of his subordinates.

24.     Defendant Montgomery's act in directing the arrest of Plaintiff without probable cause constituted an unconstitutional policy, in that it violated Plaintiff's right under the Fourth and Fourteenth Amendments to the Constitution of the United States to be secure in her person and affects and free from unreasonable search and seizures.

25.     Moreover, at all relevant times, Defendant Montgomery had set a policy for the St. Louis City Sheriff's Office that any person who "stands in the way" of the Sheriff or denies the Sheriff access to detainees was subject to arrest.  This policy is unconstitutionally overbroad in that it violated Plaintiff's right under the Fourth and Fourteenth Amendments to the Constitution of the United States to be secure in her person and affects and free from unreasonable search and seizures, and it was as a result of this policy that Plaintiff was injured as described herein.

26.     At all relevant times, Defendant Montgomery knew or should have known that his acts in arresting Plaintiff without probable cause were unconstitutional.

27.     By reason of the illegal arrest, detention and imprisonment of the Plaintiff, Plaintiff was unable to attend to her duties as the DeputyActing Commissioner of Corrections for the City of St. Louis.

2128.   By reason of the conduct of the Defendant, Plaintiff has sustained injuries.

6

2229.   The conduct of the Defendant deprived Plaintiff of the following rights, privileges and immunity secured to her by the Constitution of the United States:

a.     The right of Plaintiff to be secure in her person and affects against unreasonable search and seizures under the Fourth and Fourteenth Amendments to the Constitution of the United States;

b.     The right of Plaintiff to be informed of the nature and cause of the accusation against her secured to her under the Sixth and Fourteenth Amendments to the Constitution of the United States;

c.     The right of Plaintiff not to be deprived of life, liberty or property without due process of law and the right to the equal protection of the law secured by the Fourteenth Amendment to the Constitution of the United States.

2330.   The above-described acts of Defendant Montgomery and his subordinates were committed knowingly and intentionally by reason of which Plaintiff is entitled to an award of damages and attorney's fees.

2431.   By reason of the mentioned acts and omissions of Defendant, Plaintiff was required to retain counsel to institute and prosecute this action, and Plaintiff requests payment by Defendants of a reasonable sum as and for attorney's fees and litigation expenses pursuant to 42 U.S.C.A. § 1988.

WHEREFORE, Plaintiff Tammy Ross prays judgment against Defendant Montgomery individually and in his capacity as Sheriff of the City of St. Louis for a sum of actual damages in excess of Twenty Five Thousand Dollars ($25,000.00); for costs of this action and attorney's fees; and for such other and further relief as to this Court may deem just, meet and proper.

/s/ Joseph V. Neill
Joseph V. Neill #28472
Attorney for Plaintiff
5201 Hampton Avenue
St. Louis, Missouri 63109
Phone: (314) 353-1001
Fax:   (314) 353-0181
neill5300@aol.com

**KISTNER, HAMILTON, ELAM & MARTIN, LLC**

By: /s/ Elkin L. Kistner

| | |
|---|---|
| Elkin L. Kistner | #35287 |
| Sean M. Elam | #56112 |
| William E. Kistner | #70540 |

1406 North Broadway
St. Louis, MO 63102
Telephone: (314) 783-9798
Facsimile:  (314) 944-0950
E-mail: elkinkis@law-fort.com
E-mail: smelam@law-fort.com
E-mail: bill@law-fort.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served this 6th day of June, 2025 via the Court's electronic filing system to all counsel of record.

/s/ Elkin L. Kistner

8