**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| TAMMY ROSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No: 4:25-cv-00580-HEA |
| ALFRED MONTGOMERY, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT SHERIFF ALFRED MONTGOMERY'S
ANSWER IN PART AND AFFIRMATIVE DEFENSES,
IN HIS INDIVIDUAL CAPACITY, TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW Defendant, Sheriff Alfred Montgomery (hereafter "Sheriff"), in his individual and official capacities, by and through his undersigned counsel, and for Sheriff's Answer in part and Affirmative Defenses to Plaintiff Tammy Ross' (hereafter "Plaintiff") First Amended Complaint (hereafter "Complaint") and states as follows:

**FIRST AMENDED COMPLAINT**

1.  Paragraph 1 contains legal conclusions to which no answer is required. To the extent an answer is required, Sheriff denies the allegations in Paragraph 1 of Plaintiff's Complaint.

2.  Sheriff admits only that he was the sheriff for the City of St. Louis on February 14, 2025. The remaining allegations in Paragraph 2 are legal conclusions to which no answer is required. To the extent an answer is required, Sheriff denies the remaining allegations in Paragraph 2 of Plaintiff's Complaint.

3.  Paragraph 3 contains legal conclusions to which no answer is required. To the extent an answer is required, Sheriff denies the allegations in Paragraph 3 of Plaintiff's Complaint.

## COUNT I
## FALSE ARREST/IMPRISONMENT

4. Sheriff admits only that he went to the City Justice Center on February 14, 2025. Sheriff denies the remaining allegations in Paragraph 4 of Plaintiff's Complaint.

5. Sheriff denies the allegations in Paragraph 5 of Plaintiff's Complaint.

6. Paragraph 6 is a legal conclusion to which no response is required. To the extent a response is required, Sheriff denies the allegations in Paragraph 6 of Plaintiff's Complaint.

7. Paragraph 7 is a legal conclusion to which no response is required. To the extent a response is required, Sheriff denies the allegations in Paragraph 7 of Plaintiff's Complaint.

8. Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is required, Sheriff denies the allegations in Paragraph 8 of Plaintiff's Complaint.

9. Paragraph 9 is a legal conclusion to which no response is required. To the extent a response is required, Sheriff denies the allegations in Paragraph 9 of Plaintiff's Complaint.

10. Sheriff admits only that Director Coyle was called in the presence of Plaintiff. The remaining allegations in Paragraph 10 are legal conclusions to which no response is required. To the extent a response is required, Sheriff denies the allegations in Paragraph 10 of Plaintiff's Complaint.

11. Paragraph 11 contains legal conclusions to which no response is required. To the extent a response is required. Sheriff denies the allegations in Paragraph 11 of Plaintiff's Complaint.

12. Paragraph 12 is a legal conclusion to which no response is required. To the extent a response is required, Sheriff denies the allegations in Paragraph 12 of Plaintiff's Complaint.

13. Sheriff denies the allegations in Paragraph 13 of Plaintiff's Complaint.

14. Paragraph 14 is a legal conclusion to which no response is required. To the extent a response is required, Sheriff denies the allegations in Paragraph 14 of Plaintiff' Complaint.

   WHEREFORE, Sheriff prays that this Court deny Count I of Plaintiff's Complaint and it grants Sheriff such further relief as to the Court seems just and proper.

## COUNT II
## BATTERY

15. Sheriff incorporates his responses to Paragraphs 1 through 14 of Plaintiff's Petition as and for his responses to Paragraph 15 of Plaintiff's Complaint.

16. Paragraph 16 is a legal conclusion to which no response is required. To the extent a response is required, Sheriff denies the allegations in Paragraph 16 of Plaintiff's Complaint.

17. Paragraph 17 is a legal conclusion to which no response is required. To the extent a response is required, Sheriff denies the allegations in Paragraph 17 of Plaintiff's Complaint.

18. Paragraph 18 is a legal conclusion to which no response is required. To the extent a response is required, Sheriff denies the allegations in Paragraph 18 of Plaintiff's Complaint.

19. Paragraph 19 is a legal conclusion to which no response is required. To the extent a response is required, Sheriff denies the allegations in Paragraph 19 of Plaintiff' Complaint.

   WHEREFORE, Sheriff prays that this Court deny Count II of Plaintiff's Complaint and that it grants Sheriff such further relief as to the Court seems just and proper.

## COUNT III
## VIOLATION OF CIVIL RIGHTS

Sheriff hereby incorporates his Motion to Dismiss and Memorandum in Support Law responds in both his individual and official capacity through his Motion to Dismiss.

**AFFIRMATIVE DEFENSES**

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Sheriff is entitled to qualified immunity in Count III as his conduct did not violate clearly established constitutional right of which a reasonable person would have known via a policy, unofficial custom, or failure to supervise or train.

3. Sheriff exercised reasonable care to prevent the alleged harm of which Plaintiff complains.

4. Sheriff is entitled to sovereign immunity in Counts I and II pursuant to his official capacity.

5. Sheriff hereby incorporates by reference his 12(b)(6) Motion to Dismiss and Memorandum of Law in Support to dismiss Counts I, Counts II, and Count III in his official capacity and Count III in his individual capacity.

6. Sheriff reserves the right to a trial by jury.

7. Sheriff reserves the right to supplement these affirmative defenses.

WHERFORE, Sheriff, having fully answered Plaintiff's allegations, Defendant Sheriff Alfred Montgomery respectfully requests that this Court dismiss Plaintiff's First Amended Complaint with prejudice, award Sheriff his costs and attorney's fees, and order any other and further relief as this Court deems fair and just.

Dated: June 27, 2025                     Respectfully submitted,

             **MICHAEL GARVIN**
             **INTERIM CITY COUNSELOR**

        By: */s/ Curtis T. Haynes*
           Curtis T. Haynes, Associate City Counselor #73093
           Calann T. Edwards, Associate City Counselor #74643
           Room 314 City Hall
           1200 Market St.
           St. Louis, Missouri 63103
           (314) 622-3361 (telephone)
           (314) 622-4956 (facsimile)
           haynescu@stlouis-mo.gov
           edwardsca@stlouis-mo.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on June 27, 2025, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

                                                                   */s/ Curtis T. Haynes*